## City of Winchester v. Bush, et al.

(Decided January 24, 1911.)

### Appeal from Clark Circuit Court.

Street Improvements—Provision of State—Notice—Lien for Improvements.—In an action by appellant city to enforce a lien upon property for the improvement of a street, the title to the property with power to sell being vested in the executors for ten years, the heirs having only a right to the proceeds, under

section 3567 Kentucky Statutes, having been given the notice required, the executors should have complied therewith, and as they did not, the city had the right to enforce its lien upon the property by virtue of the statute.

T. H. HAGGARD, and J. SMITH HAYS, for appellant.

PENDLETON, BUSH & BUSH, for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

This action was instituted by the city of Winchester against L. H. & V. W. Bush, Jr., executors of V. W. Bush, to enforce a lien on some property in the south side of Winn Ave., in that city. Taking the pleadings as true, which we must do as the lower court sustained a demurrer to the petition, the ordinance for the improvement of the sidewalk was adopted legally, and the improvement did not cost over $250. (See section 3567, Kentucky Statutes.) It seems that the notice required by section 3567, Kentucky Statutes, was given to the executors. After the demurrer was sustained to the original petition, an amendment was filed which made the heirs of V. W. Bush parties, but it seems that no notice was given the heirs and the court sustained a demurrer to the amendment, and the city has appealed.

Appellees claim that the lower court did not err for two reasons: First, because the only notice of the ordinance was given to the executors; second, because thirty days was not sufficient time within which to make the improvement. The executors had thirty days after notice before the city undertook to make the improvement. They might have begun the work within that time but did not. We do not understand that thirty days would be a reasonable time to begin and complete the improvement, but it was certainly a reasonable time within which to commence the same, which appellees failed to do.

Under the will of V. W. Bush the executors were the owners of this lot in the meaning of the statute. Section eight of the will is as follows:

"I appoint my son L. Hampton Bush and V. W. Bush, Jr., executors of this my will and I request and direct that no bond be required of them. I further direct that they as such executors have full power and control over the real estate herein devised for a period of ten years from the date of my death with full power, authority and direction to rent same, to dispose of same or any part thereof, at any time within said period and upon any

terms which they in their discretion shall deem expedient, either at public or private sale, and they make title thereto by their deed as executors. Should either of said executors die before I die, or before a final distribution of my estate under this will, the survivor will have all the powers herein granted to the two, I make this provision regarding my real estate because I have faith that it will become greatly advanced in value within the period named and I do not desire it sacrificed at a sale for division or other forced sale, my said executors will distribute the rents and proceeds of said property from time to time to the parties entitled thereto under this will at the end of said period of ten years my executors are directed to sell any real estate then on hand, and distribute the proceeds among the aforesaid persons, unless the parties in interest can agree upon a division of same on kind,'' &c.

Thus it will be seen that the title to the property with power to sell was vested in the executors for ten years, the heirs having only a right to the proceeds. Therefore, as the executors were vested with the title and the owners as contemplated by section 3567, Kentucky Statutes, and were given the notice therein required, they should have complied therewith, and as they did not, the city has a right to enforce its lien on the property by virtue of the statute.

For these reasons, the judgment of the lower court is reversed and remanded for further proceedings consistent herewith.